Complete of Law dam library

**IN THE SUPERIOR COURT**
**OF GUAM**

MAY D.F. HANNAH,                                )          Civil Case no. CV1651-10
                                                )
                         Plaintiff,             )
                                                )
              vs.                               )
                                                )          **DECISION AND ORDER**
LUCILLE F. LEON GUERRERO, IGNACIO )                        re: Motion for Reconsideration &
R. LEON GUERRERO, ALFRED F. LEON )                         Motion to Dismiss
GUERRERO, MARK D. LEON GUERRERO,)                          First Amended Complaint
BRIAN F. LEON GUERRERO and DOES I- )
X,                                              )
                                                )
                                                )
                         Defendants.            )
_____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 18, 2012. The Plaintiff was represented by Attorney James M. Maher. The Defendants were represented by Attorney Jacqueline Taitano Terlaje. After considering the matters presented, the Court issues the following decision and order denying the Defendants' motion for reconsideration. The Court also grants in part and denies in part the Defendants' motion to dismiss. The Court grants the motion to dismiss the Plaintiff's aiding and abetting constructive fraud claim. The Court denies the motion to dismiss as to the remaining counts.

## BACKGROUND

This case arises out of a complaint filed on September 21, 2010. The complaint alleged that Defendant Lucille Leon Guerrero improperly procured a power of attorney over her parents (Alfred Flores and Ester Flores) and fraudulently gifted property belonging to her parents to herself and her family. The complaint contained the following causes of action:

breach of a fiduciary duty, constructive fraud, fraud and deceit, constructive trust, quiet title, and conversion.

On June 24, 2011, the Court dismissed in part with leave to amend the complaint as to counts one, two, and three against Defendants Ignacio Leon Guerrero, Alfred Leon Guerrero, Mark Leon Guerrero, and Brian Leon Guerrero. The Court granted Plaintiff leave to amend her complaint. The Court denied in part the motion as to the remaining counts against the rest of the Defendants. On July 11, 2011, the Defendants filed a motion for reconsideration of the Court's June 24, 2011 decision and order.

On July 11, 2011, the Plaintiff filed her first amended complaint. The first amended complaint contains the following causes of action: breach of a fiduciary duty, aiding and abetting breach of a fiduciary duty, constructive fraud, aiding and abetting constructive fraud, fraud and deceit, aiding and abetting fraud and deceit, constructive trust, quiet title, and conversion. On August 1, 2011, the Defendants filed a motion to dismiss amended complaint.

## DISCUSSION

**Motion for Reconsideration**

Rule 59(e) of the Guam Rules of Civil Procedure grants a court the discretion to relieve a party from judgment when the court is presented with new evidence, the decision is manifestly unjust or is incorrect, or there is an intervening change in controlling law, provided that the party moves for relief not more than ten days after the judgment was entered. *Ward v. Reyes*, 1998 Guam 1, ¶2.

However the Decision and Order of June 24, 2011, is not a judgment. As no judgment has been entered, Rule 59(e) provides no grounds for the present motion. In *Merchant*, the Supreme Court of Guam indicated that an untimely motion for reconsideration under Rule

59(e) may be decided according to Rule 60(b). *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26, ¶8.

The Court will consider the motion under the standard for Rule 60(b). Because Plaintiffs argue error, only 60(b)(1) applies to this case. Rule 60(b) provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect . . . The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

Rule 60(b)(1) grants a court the discretion to relieve a party from a final order for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. *Brown v. Eastman Kodak Co.*, 2000 Guam 30, ¶32. The purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage in the machinery of appeal." *United States v. 329.73 Acres of Land*, 695 F.2d 922, 925 (5th Cir.1983). In this case, Plaintiffs' motion was filed within one month of the entrance of the Court's June 24, 2011, Decision and Order. Thus, the motion may be properly considered under Rule 60(b). The Court must now reach the question of whether the motion should be granted.

On June 24, 2011, the Court denied the Defendants motion to dismiss the Plaintiff's quiet title, constructive trust, and conversion claims. The Court found that the one year statute of limitations did not apply because the instant matter involved fraud. Defendants argue the Court incorrectly held that the one-year statute of limitation did not apply because the Court found there were no factual allegations of fraud against Defendants Ignacio Leon Guerrero, Alfred Leon Guerrero, Mark Leon Guerrero, and Brian Leon Guerrero.

The Court however disagrees with Defendants' argument. The Guam Supreme Court

found that, in cases of fraud, the one year statute of limitation for recovery of registered land does not apply. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶38. The instant matter involves fraud thus, the applicable statute of limitations is three (3) years. Furthermore, the remedies of a defrauded party can be found in 21 GCA § 29138, which states,

> In case of fraud, any person defrauded shall have all rights and remedies that he would have had if the land were not under the provisions of this Law: provided, that nothing contained in this section shall affect the title of a registered owner who has taken bona fide for a valuable consideration or of any person bona fide claiming through or under him.

Here, the instant matter involves fraud, and the Plaintiff has all rights and remedies that she would have had if the land in question was not registered land. The Defendants also cannot invoke the one year statute of limitation for recovery of registered land because they are not bona fide purchasers for value. Therefore, the Defendants' motion for reconsideration to dismiss the Plaintiff's quiet title, constructive trust, and conversion claims is denied.

**Motion to Dismiss Amended Complaint**

Rule 12(b)(6) of the Guam Rules of Civil Procedure provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." Guam R.Civ. P. 12(b)(6).

Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.* A Rule 12 (b)(6) motion tests only whether the claim has been adequately

stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). Thus, on a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint and the court should not dismiss the complaint merely because the court doubts the Plaintiff will prevail in the action, or that the possibility of ultimate recovery is remote. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Should the complaint fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir.1999).

However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶6. Furthermore, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.*

In the instant case, Defendants argue that relief cannot be granted to Plaintiff under her new claims for three reasons. First, they argue that the alleged aiding and abetting tortious conduct are not recognized in Guam. Second, Defendants assert that the amended complaint fails to set forth facts to support "substantial assistance" in support of her claim for aiding and abetting a breach of fiduciary duty. Lastly, they argue that the fraud exception to the statute of limitations is not applicable to save the Plaintiff's claims for quiet title and conversion because a claim for aiding and abetting does not require a showing a fraud.

## A. Aiding and Abetting Tortious Conduct

In the Plaintiff's amended complaint, she asserts that Defendants Ignacio Leon Guerrero, Alfred Leon Guerrero, Mark Leon Guerrero, and Brian Leon Guerrero should be liable for aiding and abetting breach of a fiduciary duty, aiding and abetting constructive fraud, and aiding and abetting fraud and deceit. Defendants argue these claims should be dismissed because they are not recognized in Guam.

In *Tanaguchi-Ruth + Associates v. MDI Guam Corp.*, 2005 Guam 7, the Guam Supreme Court approved the trial court's recognition of the doctrine of quantum meruit as a theory of recovery even though the theory of recovery was adopted from the common law of another jurisdiction. Furthermore, California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. "Liability may ... be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (*Saunders v. Superior Court,* 27 Cal.App.4th 832, 846 (1994); Rest.2d Torts, § 876.) (*Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1325–1326 (1996).

The Court does not agree with the Defendants argument that the Plaintiff's aiding and abetting claims should be dismissed because they are not recognized in Guam. The Supreme Court of Guam has allowed recognition of another claim not recognized on Guam and as evident from California case law, liability for aiding and abetting a tort has been recognized in other jurisdictions. Thus, Defendants arguments regarding dismissal of Plaintiff's causes of actions for aiding and abetting tortious conduct fails.

Plaintiff also argues that the Plaintiff's claim for aiding and abetting constructive fraud should be dismissed because the Defendants did not owe any duty of care. The Court however finds that Plaintiff's claim for aiding and abetting constructive fraud is entirely subsumed within her claim for aiding and abetting breach of fiduciary duty. The only difference relevant here between a cause of action for aiding and abetting constructive fraud and one for aiding and abetting breach of fiduciary duty is that the former would contain the additional requirement that the primary violator-in this case, Defendant Lucille Leon Guerrero-benefitted herself. Plaintiff's claim for aiding and abetting constructive fraud therefore is entirely redundant of her claim for aiding and abetting breach of fiduciary duty. Therefore, it is dismissed.

## B. Aiding and Abetting Breach of Fiduciary Duty

Defendants argue that the amended complaint fails to set forth facts to support "substantial assistance" in support of her claim for aiding and abetting a breach of fiduciary duty. As mentioned above, "[l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (*Saunders v. Superior Court*, 27 Cal.App.4th 832, 846 (1994); Rest.2d Torts, § 876.) (*Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1325–1326 (1996).

While some courts have found that "inaction can form the basis of aiding and abetting liability if it rises to the level of providing substantial assistance or encouragement," *Official Comm. of Admin. Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 126 (3rd Cir.1999), others have held that inaction or silence cannot constitute aiding and abetting unless the plaintiff and

defendant had a confidential or fiduciary relationship or the defendant owed an independent duty directly to the plaintiff. In determining what constitutes substantial assistance to a wrongdoer, courts look to "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the fact, his relation to the other and his state of mind." Restatement (Second) of Torts § 876(b) cmt. d (1979).

Here, the Court finds that the Plaintiff has plead sufficient facts from which one could reasonably infer that the other Defendants had knowledge that Defendant Lucille Leon Guerrero's conduct was a breach of duty and that those Defendants provided substantial assistance or encouragement to her in breaching her fiduciary obligations. The Court finds the following facts determinative: (1) Defendant Lucille Leon Guerrero is closely related to the other Defendants (whom she transferred he property to); (2) the value received for the property at issue was less than a reasonably equivalent value in exchange for such transfer; and (3) there are allegations that all Defendants knew that the transfer of property was a violation of Defendant Lucille Leon Guerrero's fiduciary duty. Based on the foregoing, the remaining Defendants may be liable for aiding and abetting those breaches of fiduciary duties and the Court finds that Plaintiff's aiding and abetting a breach of fiduciary duty claims will not be dismissed.

## C. Fraud Exception for Constructive Trust, Quiet Title and Conversion Claims

Defendants again argue that the Plaintiff's claims for quiet title, constructive trust, and conversion should be dismissed because the statute of limitations for filing such actions has expired. Defendants argue that actions for the recovery of land must be brought within one (1) year, unless an exception recognized by law exists. 7 G.C.A. § 11204; *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶35. As discussed above, the instant matter involves fraud on

the part of Defendant Lucille Leon Guerrero, who is alleged to have fraudulently transferred the properties to Defendants Ignacio Leon Guerrero, Alfred Leon Guerrero, Mark Leon Guerrero, and Brian Leon Guerrero. If Defendant Lucille Leon Guerrero is liable for such fraud, then the properties received by the above named Defendants will have to be returned. The statute of limitations is thus relevant to the fraud committed by Defendant Lucille Leon Guerrero, not to whether the other Defendants committed fraud. Thus, the applicable statute of limitations is three (3) years.

Furthermore, the policy goals of the Land Title Registration Act, that is, to provide a guarantee of good title to innocent purchasers of registered land. See *Pelowski v. Taitano*, 2000 Guam 34 § 33. In the amended complaint, the Plaintiff alleges facts that suggest the Defendants are neither innocent purchasers of registered land nor bona fide purchasers for value, which makes the one year statute of limitation inapplicable in the instant case. Therefore, the Defendants' motion to dismiss the Plaintiff's quiet title, constructive trust, and conversion claims is denied.[1]

---

[1] See motion for reconsideration section above for additional reference.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Defendants' motion for reconsideration. The Court **GRANTS** in part the Defendants' motion to dismiss as to the Plaintiff's claim for aiding and abetting constructive fraud because it is entirely redundant of her claim for aiding and abetting breach of fiduciary duty. The Court **DENIES** in part the Defendants' motion to dismiss as to the remaining counts.

SO ORDERED, this 7 day of June 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam